### George D. Evans v. Mark Norris.

The Supreme Court has no power to look behind the record transmitted to it from the circuit court, to amend or alter it. If complaint is made that the transcript is incorrect, all this court can do is to require, upon a proper showing, that the court below make a full return according to the facts.

Where a copy bill of exceptions, instead of the original, was sent up from the circuit court, in return to the writ of error, and three terms have elapsed since the return of the writ, and issue in error has been joined without any notice being taken of the irregularity, and no explanation is made of the delay, the court will not interfere to require the original bill to be sent up.

*Heard November 30th. Decided December 1st.*

Error to Washtenaw Circuit.

*L. D. Norris*, for defendant in error.

*H. T. Backus*, for plaintiff in error.

CAMPBELL J.:

A motion is made for leave to file, and make part of the return in this cause, a corrected copy of the original bill of exceptions. The motion is opposed for several reasons, based on the insufficiency of the showing and the improper form of the application.

The writ of error was issued more than a year ago, and was returned at the January term in Lansing. This is the third term since the return was made, and error was assigned and joinder filed without any reference to the alleged imperfections of the return. No excuse or reason is shown for

the delay in making the application. Without some ex-planation, we should not feel disposed to interfere, if the power were unquestioned.

But we have repeatedly held that we have no power to look behind the record transmitted to this court from the circuit court, to amend or alter it.* If complaint is made that the transcript is incorrect, all that we can do is to require, upon a proper showing, that the court below make full return according to the facts. We can not regard any matter as part of the record which is not sent up to us in the proper manner from the court below. In this case, upon an application made in due season, we should have required the original bill of exceptions to have been returned; as that, and not a copy, should in all cases be returned with the record. But, inasmuch as no showing has been made explaining the delay, and the parties have thus far dis-regarded the error of the clerk, we are not disposed to interfere.

The motion must be denied.

MANNING and CHRISTIANCY JJ. concurred. MARTIN Ch. J. was absent.

* See *Sweetzer v. Mead,* 5 *Mich.* 83; *Scribner v. Gay, Ibid.* 511.