### John M. Wattles v. John Warren and Another.

The Court will not set aside a writ of error for want of a proper return, after the lapse of several years, during the most of which time the papers have been in possession of counsel for defendant in error, and joinder in error filed while the counsel had the return in his hands.

*Heard October 18th. Decided October 19th.*

Error to Lapeer Circuit.

*T. Romeyn*, for defendants in error, moved to set aside the writ of error in this case for want of a return. The writ was made returnable at the October term, 1852, and was returned with papers attached purporting to be a copy of proceedings in the Circuit Court for Lapeer county, but not in any way authenticated by the seal of the court, or the signature of the clerk, and without any return endorsed on the writ.

*M. Wisner*, contra, read affidavits showing that the papers attached to the writ are in the hand-writing of the clerk of the circuit court; that issue in error was joined October 5th, 1852; that on Sept. 27th, 1852, the then counsel for defendants in error asked and obtained of the plaintiff's counsel leave to take the return from the files, for the purpose of preparing for the argument; that said counsel soon afterwards left the state without returning the papers; that plaintiff's counsel have been unable to obtain them back until within the last three months, and that, in consequence, it has been impossible to bring the case to argument.

*Romeyn*, claimed that the supposed return was an entire nullity, and that plaintiff in error could not proceed further without leave of the court to obtain a return. This leave,

he claimed, should not be given unless it appeared that there were merits in the case, which, he insisted, the assignment of errors would show was not the case here.

THE CHIEF JUSTICE:

This application comes too late. Issue in error was joined while the counsel had the papers in his hands, and there would be no equity in granting the motion after this long delay for which plaintiff in error is not responsible. Whether there are merits in the case, is a question to be discussed at the hearing.*

                                                    *Motion denied.*

* See *Evans v. Norris,* 6 *Mich.* 69.