## SULLIVAN v. GODKIN.

APPEAL AND ERROR—EVIDENCE—EXHIBITS.

An order requiring appellee to produce certain exhibits which the parties stipulated might be used on appeal, and which had been accidentally lost, and ordering that appellee in default thereof be subjected to the reversal of his judgment, is not the proper remedy in behalf of the appellant, but an order may be entered permitting him to remit the record and amend the bill of exceptions so as to show the contents of such exhibits.

Trespass *quare clausum fregit* by Thomas G. Sullivan against John Godkin for cutting and removing timber. On motion of defendant to compel plaintiff to file certain exhibits with the clerk of the court, to stay proceedings until the order should be complied with, and to reverse a judgment appealed from in default of such compliance.

Submitted December 11, 1911. (Calendar No. 24,683.) Motion denied and partial relief granted December 11, 1911.

*Frank S. Pratt*, for the motion.

*Weadock & Weadock*, contra.

PER CURIAM. The bill of exceptions has been settled in this cause, and the record is now in this court. The appellant moves this court for an order as follows:

(1) Requiring the plaintiff to file with the clerk of this court, or serve upon the attorney for the defendant, the three tally books, designated as "Book 1," "Book 2," and "Book 3," in the records in this cause, on or before the 2d day of January, 1912, or on or before such other date as to the court may seem reasonable and proper; and that meantime all proceedings in the cause be stayed, including the printing of the record.

(2) That in default of the filing or service of said tally books, on or before the 2d day of January, 1912, or on or before such other date as the court may fix, the judgment of the court below be reversed, with costs to the appellant, for the following reasons:

(*a*) By stipulation contained in the bill of exceptions, the appellee was required to file the three tally books, mentioned in paragraph 1, with the clerk of this court, or deliver the same to attorney for appellant, as hereinafter stated, and said books have not been so filed or delivered.

(*b*) Until said books are filed, or served according to said stipulation, appellant ought not to be required to go to any further expense, or to do anything more toward bringing said cause to hearing in this court.

(*c*) Appellant cannot safely go to hearing, unless his counsel has an opportunity to examine said books preparatory to argument in this court, and the production of the same upon the hearing is necessary to the proper presentation and understanding of appellant's case.

(*d*) Unless said tally books are produced and filed, or

delivered to appellant's attorney, the judgment of the court below ought to be reversed; the plaintiff being responsible for the safe-keeping and production of his own exhibits.

The motion is based on the files and records in the cause, and on the affidavits of counsel.

The reference to the said tally books in the bill of exceptions is in the following language:

"These three books, marked as 'Exhibits A, B, and C,' by the stenographer taking Mr. Brown's deposition, are referred to in this record as 'Book 1,' 'Book 2,' and 'Book 3.' And inasmuch as a copy of the same cannot be made, so as to show the appearance of the books and the copy attached to the bill of exceptions, and an examination of the original books being necessary to an understanding of the points raised, it is therefore stipulated and agreed that the original books shall be filed with the clerk of the Supreme Court, or delivered to the attorney for defendant, on or before August 15, 1911, and that such original books shall be used upon the hearing in the Supreme Court as constituting a part of this bill of exceptions and the record of this case."

It appears by the affidavits of the plaintiff and one of his attorneys and another witness that these tally books, which were present at the trial of the cause, and were introduced in evidence, have since become lost. We are satisfied by these affidavits that the books have accidentally disappeared, and so far, after diligent search, they have not been found. The attorney for plaintiff who conducted the trial has since become ill, and is in such a condition that he is unable to render any assistance in the discovery of the books. We do not find that the present condition is due to the fault of any of the parties or their attorneys. We cannot grant the motion in either of its aspects, but may treat it, at the option of the appellant, as an application to remit the record, to enable either party to apply to the circuit judge to make such amendment to the bill of exceptions as may throw such further light upon the contents of these books as they may be ad-

vised; but consideration of the legal questions involved in the case must be deferred until the hearing of the case.

An order will be entered at the option of the appellant, remitting the record to the circuit court, for the purpose of permitting either party to move for an amendment of the bill of exceptions as indicated; and proceedings in the case may be stayed for the period of 20 days for that purpose. See *Evans* v. *Norris*, 6 Mich. 69, and cases cited in note; *Niagara Fire Ins. Co.* v. *De Graff*, 12 Mich. 10, and cases cited in the note. No costs will be allowed on the motion.